IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01451-WJM-BNB

MIKE BARTOWSHESKI,

    Applicant,

v.

WARDEN RAE TIMME,

    Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the amended **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #6] (the "Amended Application") filed June 13, 2012, by Mike Bartowsheski (the "petitioner"). On August 15, 2012, the respondent was ordered to show cause why the Amended Application should not be granted. On September 28, 2012, the respondent filed a Response to Order to Show Cause [Doc. #18] (the "Response"). On October 18, 2012, the petitioner filed Applicant's Response to Attorney General's Response [Doc. #20] (the "Reply"). I respectfully RECOMMEND that the Amended Application be DENIED.

## I. BACKGROUND

The petitioner was convicted of murder in 1979, and he is serving a life sentence in the custody of the Colorado Department of Corrections. [See Doc. #18-1.] According to the respondent, the petitioner has been considered for parole every three years since 1999, and he has been denied release on each occasion. Most recently, following a parole interview on July 6, 2011, the Colorado Parole Board denied the petitioner release on parole and his parole

application was deferred until July 2014. [See Doc. #18-3.] The reasons indicated by the parole board for denying the petitioner release on parole in July 2011 are "AGGRAVATING FACTORS/INADEQUATE TIME SERVED (Circumstances of Offense)" and "Didn't Accept Responsibility." [See id.]

The petitioner asserts two claims for relief in the Amended Application in which he contends that the parole board abused its discretion. The petitioner first contends that the parole board abused its discretion by relying on aggravating factors that are more than thirty years old, apparently meaning the circumstances of his offense, to deny him release on parole in July 2011. The petitioner argues in support of this claim that the parole board did not "take into consideration the programs that [the petitioner] has completed and the excellent work ratings and the [petitioner's] excellent behavior that shows that he would do excellent on parole." [Doc. #20 at 1.] The petitioner contends in his second claim that the parole board abused its discretion when it denied him parole based on his failure to participate in sex offender treatment. The petitioner's second claim relates to a July 2005 parole board decision. [See Doc. #6 at 2.]

## II. STANDARD OF REVIEW

The petitioner is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). I cannot act as advocate for a *pro se* litigant, however, who must allege "sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also

McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### III. ANALYSIS

Construing the amended Application liberally, the petitioner's claims implicate his constitutional right to due process. However, the United States Constitution guarantees due process only when a person is deprived of life, liberty, or property. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). The petitioner was not deprived of life or property when he was denied release on parole. Therefore, his claims in the amended Application may state a cognizable due process claim only if he was deprived of a constitutionally protected liberty interest.

I must examine the nature of the interest asserted to determine whether a constitutionally protected liberty interest exists. See Sandin v. Conner, 515 U.S. 472, 480-84 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise from either the United States Constitution itself or state law. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). However, it is clear that the Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam); Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979).

An examination of the parole scheme applicable to the petitioner demonstrates that he also does not have a constitutionally protected liberty interest that arises under Colorado state

law. Inmates in Colorado generally are subject to a discretionary parole system unless they were convicted of offenses committed between July 1, 1979, and June 30, 1985. See Thiret v. Kautzky, 792 P.2d 801, 805 (Colo. 1990). However, even inmates convicted of crimes committed during this six-year period of time, like the petitioner, are subject to discretionary parole if the crime was a class 1 felony. See id.; see also Colo. Rev. Stat. § 17-2-201(5)(a).

The first degree murder for which the petitioner was convicted is a class 1 felony offense under Colorado law. [See Doc. #18-1.] Therefore, the parole board had complete discretion to either grant or deny the petitioner's application for parole. Under these circumstances, I find that the petitioner was not deprived of a constitutionally protected liberty interest. See Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it" and that "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest").

To summarize, the denial of discretionary parole does not implicate a constitutionally protected liberty interest that arises under either the United States Constitution or Colorado law. As a result, the petitioner is not entitled to any procedural protections prior to being denied parole, and the petitioner's claims in the Amended Application, which I have construed as procedural due process claims, lack merit. To the extent the Amended Application could be construed as raising substantive due process claims, the Court finds that such claims also fail in the absence of a constitutionally protected liberty interest. See Parker v. Sirmons, 152 F. App'x 705, 708 (10th Cir. 2005) (noting that "the majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any

due process claim – whether substantive or procedural.").

Furthermore, even if the denial of the petitioner's parole applications did implicate a constitutionally protected liberty interest, I still conclude that the petitioner is not entitled to relief in this action. Judicial review of the denial of parole is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards." Schuemann v. Colo. State Bd. of Parole, 624 F.2d 172, 174 (10th Cir. 1980). "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998); see also Schuemann, 624 F.2d at 173 (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion."). The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." Greenholtz, 442 U.S. at 9-10. My "inquiry is only whether there is a rational basis in the record for [the Parole Board's] conclusions embodied in its statement of reasons." Mulberry v. Neal, 96 F. Supp.2d 1149, 1151 (D. Colo. 2000). "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." Id.

With respect to the July 2011 denial of parole, the petitioner contends that the parole board abused its discretion by relying on aggravating factors, i.e., the circumstances of his offense, that are more than thirty years old while failing to consider his accomplishments and record while in prison. According to the petitioner, the circumstances of his offense no longer

are relevant to the question of whether he can succeed on parole because, if he "was going to be a trouble maker on Parole, it would have showed [sic] up in [his] Prison Record." [Doc. #20 at 1.] The petitioner also asserts that he should be paroled because "the only reason he committed these offenses was because he was under the influence of alcohol" and he "would not return to alcohol upon his return to society, as he has changed his entire life style, and his prison record will show this." [Id. at 2.]

As noted above, the reasons specified by the parole board for denying the petitioner's parole application in July 2011 are "AGGRAVATING FACTORS/INADEQUATE TIME SERVED (Circumstances of Offense)" and "Didn't Accept Responsibility." [See Doc. #18-3.] Although the parole board's explanation in the notice of action is terse, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." Schuemann, 624 F.2d at 174. Furthermore, there is no question that the nature of the crime committed and the amount of time already served are proper factors for consideration by the parole board. See id.

In any event, even if I were to determine that the parole board placed too much emphasis on the thirty-year-old circumstances of the petitioner's offense, he still fails to demonstrate he is entitled to relief because the parole board also relied on his failure to accept responsibility. "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" Wildermuth, 147 F.3d at 1236 (quoting Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986)).

With respect to the petitioner's failure to accept responsibility for his crime, that finding

6

is supported by the audio recording of the petitioner's July 6, 2011 parole interview, a copy of which the respondent has submitted as Exhibit A-4 to the Response. According to the audio recording, the petitioner stated in response to being asked if he was guilty of murder that he was still going over the night of the murder in his mind and that "I think I did it, but I'm not certain." [See Ex. A-4, Parole Interview (July 6, 2011) at 4:20 through 4:52.] Therefore, because the record before the parole board supports the parole board's finding that the petitioner has failed to accept responsibility for his crime, I cannot conclude that the decision to deny the petitioner's parole application in July 2011 was an abuse of discretion. See Mulberry, 96 F. Supp.2d at 1151.

The respondent is correct that the second claim in the Amended Application, in which he contends that the parole board abused its discretion when it denied him parole in July 2005 based on his failure to participate in sex offender treatment, is untimely. See 28 U.S.C. § 2244(d). Furthermore, because the petitioner has been denied parole on two occasions since July 2005 [see Doc. #18-2], the constitutional claim he raises in the amended Application with respect to the denial of parole in July 2005 is moot. See Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1109-10 (10th Cir. 2010).

## IV. CONCLUSION

I respectfully RECOMMEND that the amended Application be DENIED and that no certificate of appealability be issued pursuant to 28 U.S.C. § 2253(c).[1]

Dated March 18, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b)(3); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources, Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).